UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JORY EDWARDS, | ) | Civ. 10-4170-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING CASE |
| | ) | |
| SCO. MATUSKA, CO @ M.D.S.P.; | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Jory Edwards, is incarcerated at Mike Durfee State Prison in Springfield, South Dakota. He filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 against defendant, Sco. Matuska. Edwards alleges that Matuska hit him with a room door, injuring his left toe. Docket 1 at 3. "Their has been 2 or more violent assaults on me which casing serious injury to my hand and foot area and being sent to the ER." *Id.* (verbatim). For these incidents, Edwards seeks damages of $150,000 "for pain and suffering plus traumatic events" and injunctive relief because "I also fear for my safety and I want to be moved to a Washington state prison." *Id.*

Edwards has filed several supplements to his complaint. In his first supplement, he states that Matuska "had singled me out and told me to sit by front desk then he had verbally threatened me." Docket 9 at 2. For this perceived violation of his rights, Edwards seeks "all court costs plus fines payed get al medical files need and personnel files need for court or

hearings." *Id.* Edwards reiterates his desire to be moved to a Washington state prison for his own protection. *Id.* He also seeks $400,000 for "traumatic events and hostile actions, mental afraid of prison staff," and asks that "CO to be fired and criminal actions taken towards CO." *Id.* Edwards' second supplement addresses his attempts to exhaust administrative remedies regarding the incident that injured his toe and the "verbal threats" incident. Docket 10, Docket 11. Edwards' final supplement asserts that he was assaulted by another inmate and that he broke a body part (which he does not identify). Docket 12 at 1. Edwards also moves for the appointment of counsel to represent him. Docket 7.

This court is required to "screen" prisoner cases that seek redress from an "employee of a governmental entity." 28 U.S.C. § 1915A. After screening Edwards' claims, this court finds his claims must be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A.

## STANDARD OF REVIEW

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not

need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, No. 06-4142, 2008 WL 283693 (8th Cir. Feb. 4, 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.* To state a claim for relief under § 1983, a plaintiff must allege sufficient facts to show (1) that the defendants acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.

3

*Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (internal citations omitted).

## DISCUSSION

## I.   Door Assault

Edwards' first claim is that he injured his left toe when Matuska hit him with a door in the prison. Edwards does not specify a legal theory for seeking relief; due to his pro se status the court will construe his complaint as alleging excessive force in violation of the Eighth Amendment.

Prison officials may use force that is reasonable and necessary under the circumstances to achieve a legitimate penological objective. *Whitley v. Albers*, 475 U.S. 312, 320-31 (1986). But "a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Foulk v. Charrier*, 262 F.3d 687, 702 (8th Cir. 2001). "The 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' " *Wilkins v. Gaddy*, 130 S. Ct. 1175,1178 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). "In other words, because 'not . . . every malevolent touch by a prison guard gives rise to a federal cause of action,' a *de minimis* application of force will

4

not result in a constitutional violation." *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010) (quoting *Hudson*, 503 U.S. at 9). Here, Edwards does not allege that Matuska maliciously or sadistically stuck him with the door. He provides no account of the circumstances under which his injury occurred. Nor does he recount the seriousness or type of injury to his toe. Although pro se complaints are subjected to less exacting scrutiny, a pro se plaintiff must still "allege facts sufficient to support the claims advanced." *Stone*, 364 F.3d at  914. Because Edwards has failed to allege sufficient facts to support his claim, it is subject to dismissal under 28 U.S.C. § 1915A.

## II.    **Verbal Threats**

Mere verbal threats made by a state-actor generally are not sufficient to state a § 1983 claim. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). " 'Mere threatening language and gestures' of a state actor 'do not, even if true, amount to constitutional violations.' " *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (quoting *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 998) (1983)). The Eighth Circuit has recognized a narrow exception for conduct that amounts to "wanton act[s] of cruelty" that can be categorized as "brutal." *Burton v. Livingston*, 791 F.2d 97 (8th Cir. 1986). In *Burton*, the Eighth Circuit held that a guard who pointed a pistol at a prisoner and stated "nigger run so I can blow your

5

Goddamn brains out, I want you to run so I'll be justified" could be held accountable under § 1983. *Id.* at 99. But Edwards' allegations do not rise to that level. He has not alleged that Matuska had a weapon or even specified the nature of the threat. All he has alleged is that the defendant "verbally threatened" him. This is insufficient for § 1983 liability. Accordingly, Edwards has failed to state a claim upon which relief may be granted. His claim is, therefore, subject to dismissal under § 1915A.

## III.   Failure to Protect

Edwards also claims that he has been assaulted by other inmates on several occasions. In his initial complaint he states "[t]heir has been 2 or more violent assaults on me which causing serious injury to my head and face area and been sent to the ER." Docket 1 at 3 (verbatim). Edwards asserts he "tried to get dates and times but medical staff will not release records without an attorney." *Id.* In a supplement to his complaint, Edwards asserts he was again assaulted:

> Early morning on 4/20/2011 I got up to use the bathroom and I did get pushed in the stall or assaulted by an inmate. I was told by some of the inmates had said I was telling on from passed [sic] assaults. I was half asleep and didn't see who assaulted me and I do believe prison staff will try to cover up the assaults by forcing me to sign waiver or lose my freedom. I went to sick call, nurse said looks to be broken, and there is not much they can do for me, will hurt about 4 weeks.

Docket 12. Edwards maintains he has asserted that he is not safe in the South Dakota prison system throughout his incarceration. *Id.*

6

"Prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994). "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. In order to prevail on a failure to protect claim, a prisoner must demonstrate two things. First, he must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Spruce v. Sargent*, 149 F.3d 783, 785 (8th Cir. 1998). Second, an inmate must demonstrate that prison officials were deliberately indifferent to that risk. *Id.* "Deliberate indifference requires a showing that the official knew the risk existed, but disregarded it." *Farmer*, 511 U.S. at 837.

Edwards has alleged no facts relating to the conditions of his incarceration. While Edwards says that he does not feel safe in the South Dakota prison system, he has not provided any facts to show that he is incarcerated under conditions posing a risk of serious harm to him. Edwards states he has been assaulted several times. But Edwards provides few details of the assaults, other than to say he was injured. Even his more detailed account of the April 20, 2011, assault does not provide sufficient factual support for his allegations. Nor has he provided facts to show or even allege that prison officials knew Edwards faced a substantial risk of

7

harm, but disregarded it. Because the court is not required to supply additional facts for a pro se plaintiff, *Stone*, 364 F.3d at 914, Edwards has not adequately pleaded his claim. Accordingly, his complaint is dismissed pursuant to 28 U.S.C. § 1915A. Therefore, it is

ORDERED that Edwards' complaint is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A and Edwards' motion for appointed counsel (Docket 7) is denied as moot.

Dated May 3, 2011.

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

8